GREEN, Judge.
In this postjudgment dissolution of marriage action, the former wife, Betty-Jo Catalano, appeals the trial court’s judgment altering a previous agreement as to a child-visitation schedule and child support. The former wife also complains of the court’s treating an equitable distribution settlement as lump sum alimony to be paid periodically, which sums were used to calculate the reduced child support. We affirm in part but reverse the child support provision of the judgment.
The essential history of this case is that the parties were divorced on February 13, 1995. The final judgment adopted an agreement between the parties which fixed a traditional visitation schedule for the minor child and set child support to be paid by the husband to the wife in the sum of $1200 per month. Child support was to terminate upon either the death of the child, the child’s eighteenth birthday, the valid marriage of the child, or the child’s becoming self-supporting. The agreement also provided the wife funds of $56,000 to be paid in monthly installments. This sum of money was described as equitable distribution and lump sum alimony, with no further differential explanation. Approximately two and one-half years after the divorce, the parties attempted an unsuccessful reconciliation which was estimated to last from a couple of weeks to six months. The transcript suggests that during this period the child began spending more time with the former husband for a period of approximately twenty-three months. This new arrangement was substantially the same provided for in the order on appeal.
It does not appear there was any agreement to alter child support payments during this intervening period, and although the former wife complained that the former husband was periodically late in making payments, there was no testimony by either party in the proceeding forming the basis of this appeal with respect to the former husband’s paying a different amount. The former husband petitioned the court for a reduction in child support based upon an allegation of reduced earnings. The parties’ financial circumstances at the time of the most recent proceeding were found to be virtually the same as when the original final judgment was entered.
*245 It seems that the trial judge determined that since there had been a substantial change of circumstances in child visitation this would require an adjustment in the sum to be paid by the former husband as child support. The marital settlement agreement, which fixed child support, also contemplated that the husband would have
frequent, continuing contact with the minor child of no less than alternate weekends from Friday after school until Monday morning when he delivers the child to school; alternate Tuesdays on an overnight basis; alternate Thursdays on an overnight basis when he does not have weekend visitation; and, any other times mutually agreeable between the parties.
As the trial judge found, the parties did mutually agree to additional visitation time for the former husband. The agreed child support was not made contingent upon this occurrence and, therefore, should not have been reduced. See Overbey v. Overbey, 698 So.2d 811 (Fla.1997) (holding that when child support is based on parties’ agreement that was subsequently incorporated into order, heavier burden rests on party seeking reduction than would otherwise be required); Tietig v. Boggs, 602 So.2d 1250 (Fla.1992) (holding that husband who sought to reduce child support that was based on agreement incorporated into marriage dissolution decree was required to meet heavier burden than would rest upon party seeking modification in the absence of such an agreement).
Having found that the agreement prevails with respect to child support, it is unnecessary to address the wife’s other concerns regarding the basis upon which child support was scored. We therefore affirm the judgment on appeal with the exception that the wife receive $1200 per month support, as agreed to by the parties, retroactive to the date since the last payment was made.
Affirmed in part; reversed in part.
BLUE, A.C.J., and CASANUEVA, J., Concur.